F I L E D
CLERK, U.S. DISTRICT COURT
8/29/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN GREENE,<br>   aka "John Bradley,"<br>   aka "Sean Christian Hearon,"<br><br>    Defendant. | Case No. 2:23-cr-00426-MEMF<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
|---|---|

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about July 2, 2023, in Los Angeles County, within the Central District of California, defendant JOHN GREENE, also known as ("aka") "John Bradley," aka "Sean Christian Hearon," knowingly possessed a firearm, namely, a Sig Sauer model P365 9mm caliber pistol, bearing serial number 66A249280, and ammunition, namely, twelve rounds of Fiocchi 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant GREENE possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the

following felony crimes, each punishable by a term of imprisonment exceeding one year:

    (1)  Driving or Taking a Car Without Permission, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, Case Number TA07453801, on or about June 7, 2004;

    (2)  Possession of a Concealed Weapon in a Vehicle, in violation of California Penal Code Section 12025(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number TA07453801, on or about June 7, 2004;

    (3)  Possession of an Assault Weapon, in violation of California Penal Code Section 12280(b), in the Superior Court for the State of California, County of Los Angeles, Case Number TA07696301, on or about December 2, 2004;

    (4)  Possession of Drugs for Sale, in violation of California Penal Code Section 11351, in the Superior Court for the State of California, County of Los Angeles, Case Number TA08285301, on or about March 1, 2006.

    (5)  Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number TA095623, on or about November 26, 2008; and

    (6)  Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a), in the Superior Court for the State of California, County of Los Angeles, Case Number TA09451301, on or about November 26, 2008.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2. If so convicted, the defendant shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALIX MCKENNA
Assistant United States Attorney
General Crimes Section